260 P.3d 183 (2011)
In the Matter of D.D. and S.D., minors. Daniel D., Sr., Petitioner,
v.
The Eighth Judicial District Court of the State of Nevada, in and for the County of Clark; the Honorable Cynthia Dianne Steel, District Judge; and the Honorable Joseph T. Bonaventure, Senior Judge, Respondents, and
The State of Nevada, Real Party in Interest.
No. 57395.
Supreme Court of Nevada.
July 5, 2011.

ORDER GRANTING PETITION FOR A WRIT OF MANDAMUS
This original petition for a writ of mandamus or prohibition challenges the district court's order denying a continuance, in an NRS Chapter 432B abuse and neglect proceeding, and entering a default against petitioner.[1]
A writ of mandamus may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is unlawfully precluded. . . ." NRS 34.160. Writ relief is available "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Petitioner bears the burden of demonstrating that our intervention by way of extraordinary rehef is warranted. Pan v. Dist. Ct, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). One *184 instance when we have held that such relief may be warranted is when a district court unquestionably has discretion, but fails to exercise it. See Lund v. Dist. Ct., 127 Nev. 28, 255 P.3d 280 (2011).
In the underlying case. Senior Judge Joseph T. Bonaventure denied petitioner's motion for a continuance of an adjudicatory hearing in an NRS Chapter 432B proceeding, solely on the basis that district court Judge Cynthia Dianne Steel had previously denied an oral request for a continuance. In effect. Judge Bonaventure improperly concluded that he lacked discretion to reach the merits of petitioner's written motion and, as a result, he failed to exercise discretion that he indisputably had. Lund, 127 Nev. at ___, ___ P.3d. at ___. Regardless of whether Judge Steel had denied petitioner's earlier oral request for a continuance, when petitioner's motion for a continuance was brought before Judge Bonaventure, the motion's merits, which presented legitimate grounds, could and should have been considered by the district court. Its summary denial led to entry of a default against petitioner in the NRS Chapter 432B proceeding, thereby affecting "the future course of this proceeding." Id. Parents have a fundamental liberty interest in the care and custody of their children and are entitled to certain due process rights, even when the parents have lost temporary custody of their children to the state. Santosky v. Kramer, 455 U.S. 745, 753-54, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). When a party seeks to terminate this fundamental liberty interest, even temporarily, the parents must be provided with fundamentally fair procedures. Id.
Based on the foregoing analysis, and because petitioner has no plain, speedy, and adequate remedy at law, we conclude that our intervention by way of extraordinary relief is warranted. See NRS 34.170; Lund, 127 Nev. at ___, ___ P.3d. at ___. As a result, we
ORDER the petition GRANTED AND DRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF mandamus instructing the district court to vacate the order denying petitioner's request for a continuance and entering a default against petitioner, and, in the interest of avoiding further delays, we instruct the district court to set the matter for an evidentiary hearing on the neglect and abuse petition.[2]
NOTES
[1] Because this writ petition is more appropriately resolved under a writ of mandamus standard, we deny petitioner's alternative request for a writ of prohibition.
[2] In light of this order, we vacate the stay entered by our January 14, 2011, order. Regarding petitioner's argument that the matter should be assigned to a new district court judge, as district court Judge Steel is allegedly biased against petitioner, we conclude that that argument lacks merit.