An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: A.C.A., A MINOR.

ANGELA T.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEVEN E. JONES,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 60976

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss a petition to terminate parental rights.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; State of Nevada v. Dist. Ct. (Anzalone), 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Whether a petition for mandamus or prohibition relief will be considered is purely discretionary with this court. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is petitioner's burden to

13 - 10870

demonstrate that our extraordinary intervention is warranted. <u>Pan v. Dist. Ct.</u>, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition, answer, reply, and supporting documents, we conclude that, under these circumstances, the district court properly denied petitioner's motion to dismiss. <u>See</u> <u>In re Parental Rights as to S.M.M.D.</u>, 128 Nev. ___, ___, 272 P.3d 126, 133-34 (2012) (rejecting an argument that district court termination proceedings were invalid based on lack of proper notice under 25 U.S.C. § 1912 when the parties and the tribe had actual notice of the proceedings). Moreover, real party in interest has since provided formal notice to the tribe in accordance with 25 U.S.C. § 1912, and the termination of parental rights proceedings were stayed pending our resolution of this writ petition. Accordingly, our intervention by way of extraordinary relief is not warranted, and we deny the petition. <u>See</u> <u>Smith</u>, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]In light of this order, we vacate the stay imposed by our June 1, 2012, order.

cc: Eighth Judicial District Court, Dept. C
Special Public Defender
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk