An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DELLIS BONE,
Petitioner,
vs.
THE THIRD JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF LYON;
AND THE HONORABLE WILLIAM
ROGERS, DISTRICT JUDGE,
Respondents,
and
KARLA MARIE UPTON,
Real Party in Interest.

No. 63455

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR
WRIT OF MANDAMUS OR CERTIORARI*

This original petition for a writ of mandamus or certiorari challenges district court orders reversing a justice court order and denying reconsideration of the reversal.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "A writ of certiorari is appropriate to remedy jurisdictional excesses committed by an inferior tribunal, board, or officer, exercising judicial functions." *Las Vegas Police Prot. Ass'n Metro, Inc. v. Eighth Judicial Dist. Court*, 122 Nev. 230, 241, 130 P.3d 182, 190 (2006); *see also* NRS 34.020. Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.020(2); NRS 34.170; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Las Vegas Police Prot. Ass'n*, 122 Nev. at 241,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21751

130 P.3d at 190. It is within our discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Here, the district court reversed the justice court action because petitioner failed to file a timely answering brief or motion for extension of time. This course of action was within the district court's discretion. *See* JCRCP 76(b) (providing that if a respondent fails to file a timely answering brief, "such failure may be treated by the district court as a confession of error and sufficient grounds for reversal of the judgment or order appealed from"). Because the district court acted within its jurisdiction, and petitioner has not demonstrated that the district court was required to permit petitioner to file a late answering brief when petitioner failed to timely request an extension, we deny the petition. *See* NRAP 21(b)(1) and (c); *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Las Vegas Police Prot. Ass'n*, 122 Nev. at 241, 130 P.3d at 190; *Pan*, 120 Nev. at 228, 88 P.3d at 844.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc: Hon. William Rogers, District Judge
Martin G. Crowley
Law Offices of David M. Jones/Reno
Lyon County Court Clerk