An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
and
KIAJETTE MADDOX; AND CARNELL
DUHON,
Real Parties in Interest.

No. 66145

**FILED**

JUL 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an emergency petition for a writ of mandamus challenging a district court's order regarding the custody of the minor child in an abuse and neglect proceeding.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion.[1] *See*

---

[1]While petitioner entitled its petition as a petition for a writ of prohibition, we construe the petition as one for a writ of mandamus because petitioner requested mandamus relief, which is the more appropriate vehicle to challenge the district court's order. *Compare Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (providing that a writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion), *with* NRS 34.320 (explaining that a writ of

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24522

NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason,'" (defining 'arbitrary'), or "'contrary to the evidence or established rules of law'" (defining 'capricious'). *State v. Eighth Judicial Dist. Court*, ___ Nev. ___, ___, 267 P.3d 777, 780 (2011) (quoting *Black's Law Dictionary* 119, 239 (9th ed. 2009)). And, "[i]n the context of a writ petition, this court gives deference to the district court's findings of fact." *Williams v. Eighth Judicial Dist. Court*, ___ Nev. ___, ___, 262 P.3d 360, 365 (2011). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the supplement to the petition, we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRS 34.160; *Pan*, 120 Nev. at 229, 88 P.3d at 844; *see also* NRAP 21(b). The district court's written findings of fact and conclusions of law reflect the exercise of discretion, not its abuse. While we are sensitive to the time pressures under which the parties have proceeded, we note that petitioner failed to provide this court with an appendix supporting the factual assertions made in its writ petition, NRAP 21(a)(4), and petitioner failed to cite to any evidence that the district court acted arbitrarily or capriciously. Because petitioner has

---

*...continued*

prohibition is available to arrest proceedings of a district court when such proceedings are in excess of the district court's jurisdiction).

SUPREME COURT
OF
NEVADA

(O) 1947A

failed to meet its burden of demonstrating that extraordinary writ relief is warranted here, we

ORDER the petition DENIED.[2]

_____ Pickering , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Frank P. Sullivan, District Judge, Family Court Division
Clark County District Attorney
Clark County District Attorney/Juvenile Division
William L. Wolfbrandt, Jr.
Lisa M. Kent
Eighth District Court Clerk

---

[2]In light of this order, we deny petitioner's motion to file a supplement to its stay motion, or in the alternative, to file a response to the real parties in interest's oppositions to the stay.

This court entered a temporary stay of the child's release to real party in interest Carnell Duhon, which expires by its own terms at noon on Monday, July 28, 2014. Accordingly, no further action is necessary by this court.

