An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LESLIE BROWDER, M.D., AN INDIVIDUAL; JOSEPH THORNTON, M.D., AN INDIVIDUAL; THE STATE OF NEVADA ON RELATION OF THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA SCHOOL OF MEDICINE; UNIVERSITY OF NEVADA SCHOOL OF MEDICINE MULTISPECIALTY GROUP PRACTICE SOUTH, INC. D/B/A MED SCHOOL ASSOCIATES SOUTH, A NEVADA CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ADRIANA ESCOBAR, DISTRICT JUDGE,
Respondents,
    and
JASON WRIGHT; AND LAURA WRIGHT,
Real Parties in Interest.

No. 64824

**FILED**

JUL 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus seeking an order from this court directing the district court to grant petitioners'

motion for partial summary judgment. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Petitioners, state medical providers, petition this court for a writ of mandamus directing the district court to grant their motion for partial summary judgment regarding the proper application of NRS 41.035's cap on damages to the medical malpractice allegations in this case. However, petitioners have not shown that this court should exercise its discretion to entertain this extraordinary relief request. *We the People Nev. ex rel. Angle v. Miller*, 124 Nev. 874, 880, 192 P.3d 1166, 1170 (2008).

First, petitioners have a plain, speedy and adequate remedy: they may appeal the district court's damages cap decision upon the entry of the final judgment. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 225, 88 P.3d 840, 841 (2004). Second, the issue is not a purely legal question of first impression with widespread application. *See State v. Webster*, 88 Nev. 690, 695, 504 P.2d 1316, 1320 (1972) (whether one or more caps may apply turns on whether the allegations are sufficiently "separate, distinct and independent" thus that they may be separately maintained); *see also Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 390 n.11, 168 P.3d 87, 92 n.11 (2007) (collecting cases interpreting NRS 41.035). Finally, judicial economy would not be served by this court entertaining this writ petition: regardless of how the statute applies, the malpractice issues are going to trial. *Compare Cnty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 759-60, 961 P.2d 754, 761 (1998) (holding that the district court did not abuse its discretion in granting declaratory relief on how NRS 41.035 applied to medical malpractice claims before the state actor's liability had been established because an immediate decision on the damages caps issue likely would

have resulted in a settlement, thus ending the case very early on). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   Hon. Adriana Escobar, District Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Patrick K. McKnight
Ramzy P. Ladah
Eighth District Court Clerk