An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: B.L., A MINOR,

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND CLARK
COUNTY DISTRICT ATTORNEY'S
OFFICE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
and
MARIA L.; AND JONATHAN W.,
Real Parties in Interest.

No. 66339

FILED

SEP 2 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION
FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or, in the alternative, a writ of prohibition challenging district court orders denying a petition for protective custody of a minor child and denying a motion for reconsideration.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station. NRS 34.160; *Int'l Game Tech. Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107

14-31876

Nev. at 677, 818 P.2d at 851. Petitioners bear the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments and the documents before this court, we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRS 34.160; NRS 34.320; *Smith*, 107 Nev. at 677, 818 P.2d at 851; *Pan*, 120 Nev. at 228, 88 P.3d at 844. In particular, NRS 432B.330(2)(c) provides that a child *may* be in need of protection if the person responsible for the child's welfare caused the abuse or neglect of another child who resided with that person. Here, the district court concluded that petitioners failed to establish that B.L. was a child in need of protection from real parties in interest, and petitioners have not met their burden of showing that the district court's decision constituted an arbitrary or capricious abuse of discretion or was in excess of the court's jurisdiction. *Pan*, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Frank P. Sullivan, District Judge, Family Court Division
     Clark County District Attorney/Juvenile Division
     Special Public Defender
     Stephanie M. Keels
     Eighth District Court Clerk

