PETER TA-HSIEN PAN; VIVIEN YANG; AND HSIAO HUNG SUN, PETITIONERS, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE VALERIE ADAIR, DISTRICT JUDGE, RESPONDENTS, AND MING TANG LIN AKA MING TONG LIN; MRS. MING TANG LIN AKA MRS. MING TONG LIN; HSUEH-YU LIN AKA HSUZH-YU LIN; CHIH FUNG LEE; KENNETH C. LEE, INDIVIDUALLY AND AS PRESIDENT, SECRETARY AND TREASURER OF SHIATSU CENTER OF LAS VEGAS, LTD., DBA MIYAKO SHIATSU CENTER OF LAS VEGAS; AND STEPHANIE WONG AKA KEE CHIAN WONG AKA MRS. KENNETH C. LEE, REAL PARTIES IN INTEREST.

No. 42035

May 5, 2004             88 P.3d 840

---

*Law Offices of Carl E. Lovell* and *Andrew P. Jones* and *Carl E. Lovell Jr.,* Las Vegas, for Petitioners.

*Fitzgibbons & Anderson* and *Mark Anderson,* Las Vegas, for Real Party in Interest Ming Tang Lin.

Before ROSE, MAUPIN and DOUGLAS, JJ.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus challenges a district court order that dismissed a complaint for forum non conveniens.

### SUMMARY

In a series of prior decisions, this court has stated that mandamus is the proper method for challenging the dismissal of a case on forum non conveniens grounds. Those decisions, however, did not address the interplay between writ relief and the availability and adequacy of an appeal. But in other decisions, this court has recognized that an appeal is generally an adequate legal remedy that precludes writ relief.[1] Consequently, we take this opportunity

---

[1]*See, e.g., Dayside Inc. v. Dist. Ct.,* 119 Nev. 404, 75 P.3d 384, 386 (2003); *Pengilly v. Rancho Santa Fe Homeowners,* 116 Nev. 646, 647 n.1, 5 P.3d 569, 570 n.1 (2000); *Guerin v. Guerin,* 114 Nev. 127, 131, 953 P.2d 716, 719 (1998), *overruled on other grounds by Pengilly,* 116 Nev. at 646, 5 P.3d at 569; *Columbia/HCA Healthcare v. Dist. Ct.,* 113 Nev. 521, 525-26,

to clarify that if all prerequisites for finality are met, an order that dismisses a case for forum non conveniens is a final judgment that should be reviewed on appeal, not through a writ petition.

Although this writ petition could be denied solely on procedural grounds because petitioners had an adequate remedy in the form of an appeal from the district court's order, petitioners' time to appeal has run. Given that our prior case law may have misled petitioners to forgo their appeal, we will consider this petition. Ultimately, we deny the petition because petitioners have failed to meet their burden of demonstrating that extraordinary relief is warranted.

## FACTS

Unfortunately, the petition, answer, and accompanying documents do not provide a clear picture of the facts in this case. The underlying district court case involved a dispute arising out of the real parties in interest's sale of the Shiatsu Center of Las Vegas, Ltd., a massage business, to Julie Tzoo Jy Pan and the petitioners, Peter Ta-Hsien Pan, Vivien Yang, and Hsiao Hung Sun.

The petitioners sued the real parties in interest for, among other things, breach of contract, fraud, misrepresentation, and negligence. The real parties in interest then moved to dismiss the action on forum non conveniens grounds. The district court dismissed the case in a written order filed March 6, 2003. The real parties in interest then served notice of the dismissal order's entry on March 17, 2003, thus starting the clock on petitioners' time to appeal. Subsequently, petitioners filed this petition for a writ of mandamus, requesting this court to direct the district court to vacate its dismissal order and entertain their action. The real parties in interest filed an answer at this court's request.

## DISCUSSION

Under NRS 34.170, a writ of mandamus is proper only when there is no plain, adequate and speedy legal remedy.[2] This court has previously pointed out, on several occasions, that the right to appeal is generally an adequate legal remedy that precludes writ relief.[3] Additionally, writ relief is not available to correct an untimely

---

936 P.2d 844, 847 (1997); *Karow v. Mitchell,* 110 Nev. 958, 962, 878 P.2d 978, 981 (1994); *Hickey v. District Court,* 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989); *Heilig v. Christensen,* 91 Nev. 120, 123, 532 P.2d 267, 269 (1975); *see also* NRS 34.170 (stating that a writ of mandamus may be issued when no adequate and speedy remedy exists).

[2]*See also* NRS 34.330 (providing that a writ of prohibition may issue if there is no adequate and speedy remedy at law).

[3]*See* cases cited *supra* note 1.

notice of appeal.[4] And we have determined that even if an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from the final judgment generally precludes writ relief.[5] Because this petition challenges a district court order that dismissed petitioners' complaint, which is a final, appealable judgment under NRAP 3A(b)(1),[6] writ relief is inappropriate.

Nevertheless, on several occasions this court has reviewed forum non conveniens dismissals by petitions for a writ of mandamus. The first such case is *Swisco, Inc. v. District Court*,[7] in which petitioner Swisco filed a petition for a writ of mandamus that challenged a district court order that dismissed its action for forum non conveniens. This court relied on a quote from an early twentieth century Nevada case, *Floyd v. District Court*,[8] to conclude that mandamus was the proper method of review. Specifically, the *Swisco* court stated: " 'where a district court erroneously decides that it has no jurisdiction, the writ of mandamus is the proper remedy to compel that tribunal to do that which the law prescribes it should do—assume jurisdiction and proceed with the cause.' "[9] The *Swisco* court then discussed whether forum non conveniens mandated dismissal, and concluded that the district court should not have dismissed Swisco's complaint because the moving party's affidavit did not include enough facts to justify depriving the plaintiff of its chosen forum. Consequently, the *Swisco* court issued a writ of mandamus directing the district court to assume jurisdiction of the case, and purported to "remand" the case for further proceedings.[10]

---

[4]*See, e.g., Rim View Trout v. Dept. of Water Res.*, 809 P.2d 1155, 1156-57 (Idaho 1991); *State v. Court of Appeals for Cuyahoga Cty.*, 564 N.E.2d 86, 88 (Ohio 1990); *State ex rel. Hulse v. Circuit Court*, 561 N.E.2d 497, 498 (Ind. 1990).

[5]*Co. of Washoe v. City of Reno*, 77 Nev. 152, 360 P.2d 602 (1961).

[6]*See Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *KDI Sylvan Pools v. Workman*, 107 Nev. 340, 810 P.2d 1217 (1991); *Rae v. All American Life & Cas. Co.*, 95 Nev. 920, 605 P.2d 196 (1979); *see also Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1285 (11th Cir. 2001) (acknowledging that dismissal based on forum non conveniens is a final appealable order if the other prerequisites for finality are met).

[7]79 Nev. 414, 385 P.2d 772 (1963).

[8]36 Nev. 349, 135 P. 922 (1913).

[9]79 Nev. at 418, 385 P.2d at 774 (quoting *Floyd*, 36 Nev. at 352-53, 135 P. at 923).

[10]Although the opinion "remands" the case for further proceedings, we note that writ proceedings in this court cannot be remanded because they invoke this court's original jurisdiction. *See* Nev. Const. art. 6, § 4; *Ashokan v. State, Dep't of Ins.*, 109 Nev. 662, 856 P.2d 244 (1993).

Some years later, in *Buckholt v. District Court,*[11] this court again issued a writ of mandamus directing a district court to accept jurisdiction of an action after the district court dismissed the complaint for forum non conveniens. The opinion did not discuss the propriety of writ relief; instead it simply quoted *Swisco* for the proposition that " 'where the district court wrongfully or erroneously divests itself of jurisdiction, . . . mandamus is the proper remedy.' "[12] This court concluded that the district court should not have dismissed the plaintiffs' complaint because the plaintiffs chose to litigate the case in Nevada, and the defendant was a resident corporation of Nevada that conducted business in the state.[13]

Later, in *Eaton v. District Court,*[14] a 1980 decision, this court granted a petition for a writ of mandamus that challenged a district court order dismissing the petitioner's complaint after determining that Montana was a more convenient forum. Again, this court did not discuss the appropriateness of writ relief or the order's appealability. Instead, the *Eaton* opinion merely focused on the merits of the forum non conveniens claim and concluded that the forum non conveniens doctrine involved a balancing of several factors.[15] This opinion also "remanded" the case for further proceedings.

One year after *Eaton,* this court decided *Payne v. District Court,*[16] another writ petition that challenged an action's dismissal on forum non conveniens grounds. In *Payne,* this court recognized that the forum non conveniens doctrine's application is within the district court's discretion and determined that because the underlying dismissal motion was supported by the factors articulated in *Eaton,* mandamus was not available to review the district court's discretion.[17] Consequently, this court denied the petition.

After issuing the *Eaton* and *Payne* opinions, this court issued an opinion in *Martin v. DeMauro Construction Corp.,*[18] which was an appeal from an order dismissing an action on forum non conveniens grounds. This court determined that the district court erred in dismissing the action because Nevada was a proper forum.[19] Although it cited its prior decision in *Eaton,* this court did not address the propriety of addressing the issue in the context of a writ petition.

---

[11]94 Nev. 631, 584 P.2d 672 (1978).

[12]*Id.* at 633, 584 P.2d at 673.

[13]*Id.*

[14]96 Nev. 773, 616 P.2d 400 (1980).

[15]*Id.* at 774, 616 P.2d at 401.

[16]97 Nev. 228, 626 P.2d 1278 (1981).

[17]*Id.* at 230, 626 P.2d at 1279.

[18]104 Nev. 506, 761 P.2d 848 (1988).

[19]*Id.* at 507, 761 P.2d at 849.

## Floyd v. District Court

*Swisco* and the related subsequent cases borrowed a quote from *Floyd* to justify writ review of forum non conveniens dismissal orders without analyzing the propriety of writ relief. An examination of *Floyd* reveals that it does not support review by writ petition in cases dismissed for forum non conveniens.

*Floyd* involved a petition for a writ of mandamus challenging a district court order that dismissed an appeal from justice's court.[20] Apparently, the Union Township Justice's Court in Humboldt County entered judgment against petitioners (and defendants below) Elizabeth Floyd and James Guthrie for $405.75.[21] Floyd appealed to the district court and deposited the judgment amount, in lieu of an appeal bond, with the justice of the peace. The plaintiffs from the justice's court case moved to dismiss the appeal as untimely, and for failure to pay the costs on appeal. The district court dismissed the appeal in a written order.[22] Floyd then filed a petition for a writ of mandamus in this court.

The Nevada Constitution vests the district courts with final appellate jurisdiction in all cases arising in the justices' courts.[23] Prior to *Floyd,* this court adopted the rule that a district court's dismissal of an appeal from justice's court, even though erroneous, is final and not subject to appellate review.[24] In *Floyd,* we framed the primary issue as: " 'Will *mandamus* lie to review the action of the district court and to compel the district court to proceed in a case in which that court has divested itself of jurisdiction by erroneously dismissing an appeal?' "[25]

Ultimately, we concluded that if a district court takes jurisdiction of an appeal and acts, its acts are not subject to review through a petition for a writ of mandamus, but if the district court wrongly decides that it lacks jurisdiction, a writ of mandamus is the proper way to compel the court to do what the law requires—assume jurisdiction and proceed with the appeal.[26] In essence, *Floyd* decided that even though the district courts have final appellate jurisdiction in cases arising in the justices' courts, when the district court erroneously divests itself of appellate jurisdiction, the dismissal is reviewable by this court through a petition for a writ of mandamus.

---

[20]36 Nev. at 350-51, 135 P. at 922.

[21]*Id.* at 350, 135 P. at 922.

[22]*Id.* at 351, 135 P. at 922.

[23]Nev. Const. art. 6, § 6; *Waugh v. Casazza,* 85 Nev. 520, 458 P.2d 359 (1969).

[24]*See Andrews v. Cook,* 28 Nev. 265, 81 P. 303 (1905); *Treadway v. Wright,* 4 Nev. 119 (1868).

[25]36 Nev. at 351, 135 P. at 923.

[26]*Id.* at 352-53, 135 P. at 923.

Notably, *Floyd* did not acknowledge that a writ of mandamus is only available if there is no plain, speedy, and adequate remedy available.[27] Floyd's lack of an adequate remedy was, however, implicit in our decision. The district court's final appellate jurisdiction in cases arising in justice's court precluded Floyd from appealing the district court's dismissal order to this court. Thus, a writ petition was the only available means to challenge the district court's decision.

Unlike the situation in *Floyd,* in *Swisco* and subsequent cases, the petitioners had the right to appeal from the district court's dismissal for forum non conveniens because the dismissal orders were appealable final judgments.[28] Yet, the *Swisco* court failed to address the availability of an appeal. Instead, it adopted the quote from *Floyd* without recognizing that *Floyd*'s holding does not apply when an appeal is available. Accordingly, *Floyd* does not justify straying from this court's long-standing rule that the right to appeal is generally an adequate legal remedy that precludes writ relief.

As a result, *Swisco, Buckholt, Eaton,* and *Payne* are overruled to the extent that they conclude that a writ petition is the appropriate vehicle for challenging a final judgment entered on forum non conveniens grounds.

Nevertheless, because we previously indicated that the proper method of review in this type of case is a petition for a writ of mandamus, we will exercise our original jurisdiction and consider this petition.

### *Petitioners' NRAP 21(a) burden*

NRAP 21(a) requires a petition for extraordinary relief to contain:

> a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue; and copies of any order or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition.

Petitioners carry the burden of demonstrating that extraordinary relief is warranted.[29]

---

[27]*See* NRS 34.170; NRS 34.330.

[28]*See Lee,* 116 Nev. at 426, 996 P.2d at 417; *KDI Sylvan Pools,* 107 Nev. at 342-43, 810 P.2d at 1219; *Rae,* 95 Nev. at 922, 605 P.2d at 197; *see also Fogade,* 263 F.3d at 1285.

[29]*See Mineral County v. State, Dep't of Conserv.,* 117 Nev. 235, 20 P.3d 800 (2001).

The reasons for NRAP 21(a)'s requirements are simple. A petition for writ relief invokes this court's original jurisdiction. Our review in a writ proceeding is limited to the argument and documents provided by the parties. If essential information is left out of the petition and accompanying documentation, we have no way of properly evaluating the petition.[30] We routinely receive and deny writ petitions that fail to comply with NRAP 21(a). The time and energy expended reviewing these deficient petitions wastes this court's valuable and limited judicial resources.

Here, petitioners failed to provide a comprehensive factual analysis in the petition, and they neglected to submit necessary parts of the record. Although this petition challenges a district court order that dismissed petitioners' complaint based upon forum non conveniens, the resolution of this petition depends on the validity and enforceability of a forum selection clause in the March 15, 2002 stock purchase agreement signed by real party in interest Ming Tang Lin and Julie Tzoo Jy Pan. Petitioners, however, declined to explain their relationship with Julie Pan, who was a party to the disputed transaction, but is not a plaintiff in the underlying district court case, and is not a petitioner in this writ petition. In addition, petitioners failed to provide documents that they executed in escrow during the sale of the Shiatsu Center. The escrow documents and an understanding of Julie Pan's relationship with petitioners appear necessary to determine if the forum selection clause in the stock purchase agreement can be enforced against petitioners. Petitioners failed to carry their NRAP 21(a) burden, and consequently, they have not demonstrated that extraordinary relief is warranted. Accordingly, we deny their petition for a writ of mandamus.

---

[30]*Cf. Stover v. Las Vegas Int'l Country Club,* 95 Nev. 66, 589 P.2d 671 (1979) (affirming dismissal of a tort action because essential evidence was not included in the record on appeal); *Raishbrook v. Estate of Bayley,* 90 Nev. 415, 416, 528 P.2d 1331, 1331 (1974) (stating that ''[w]hen evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings'').