An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KB HOME NEVADA INC., A NEVADA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE ALLAN R. EARL, DISTRICT JUDGE,
Respondents,
and
BUCKINGHAM AT HUNTINGTON HOMEOWNERS ASSOCIATION, INC., A NEVADA NON-PROFIT MUTUAL BENEFIT CORPORATION; ESSEX AT HUNTINGTON HOMEOWNERS ASSOCIATION, INC., A NEVADA NON-PROFIT MUTUAL BENEFIT CORPORATION; AND CARTER & BURGESS, INC.,
Real Parties in Interest.

No. 62545

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to enforce a settlement agreement in a construction defect action.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); see NRS 34.160. A writ of prohibition may be granted when the district court exceeds its jurisdiction. NRS 34.320. It is within this court's discretion to determine whether a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07875

851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Under DCR 16, a settlement agreement may be enforced against a party if the essential terms are reduced to writing and signed by the party or his attorney or entered into the district court's minutes in the form of an order. Grisham v. Grisham, 128 Nev. ___, ___, 289 P.3d 230, 233 (2012); see May v. Anderson, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). In the present case, petitioner acknowledged that the purported settlement agreement was not signed. Likewise, while real parties in interests' counsel represented to the district court that a settlement agreement had been reached, the terms of the settlement were not agreed to in open court or put in the minutes in the form of an order. Additionally, the e-mails from real parties in interests' counsel that petitioner provided do not contain an express assent to the material terms of the settlement agreement. Based on these facts, the district court did not act arbitrarily or capriciously or exceed its jurisdiction in denying petitioner's motion to enforce the settlement agreement. May, 121 Nev. at 672-73, 119 P.3d at 1257; see NRS 34.160; NRS 34.320.

Accordingly, having considered the petition and appendix, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted, NRAP 21(b)(1); Pan, 120 Nev. at 224, 88 P.3d at 841; Smith, 107 Nev. at 677, 818 P.2d at 851, and we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Allan R. Earl, District Judge
Wood, Smith, Henning & Berman, LLP
Angius & Terry LLP/Las Vegas
Cantey Hanger, LLP
Morris Polich & Purdy, LLP/Las Vegas
Eighth District Court Clerk