An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERYL LEHNERS,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE BRENT T. ADAMS, DISTRICT JUDGE,
Respondents,
and
DARREN PROULX,
Real Party in Interest.

No. 63118

FILED

JUN 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss for failure to file a joint case conference report within 240 days of petitioner's first appearance in the action below.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within our discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17754

extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). This court generally will not consider writ petitions challenging district court orders denying motions to dismiss, unless no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or if an important issue of law needs clarification. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

Having considered the petition and appendix, we conclude that petitioner has not met her burden of demonstrating that the district court was required to dismiss the pending action. *See id.*; *Pan*, 120 Nev. at 228, 88 P.3d at 844. In particular, the district court specifically found that both parties contributed to the delay in this action. While petitioner asserts that this finding was improper, she failed to meet her burden of providing this court with all of the documentary evidence necessary for this court's review of that decision, such as real party in interest's opposition to the motion to show cause why the case should not be dismissed and any reply thereto. *See* NRAP 21(a)(4) (requiring a petitioner seeking writ relief to provide this court with any "parts of the record before the respondent judge . . . that may be essential to understand the matters set forth in the petition"). Accordingly, we deny the petition. *See* NRAP 21(b)(1); *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Brent T. Adams, District Judge
Law Offices of Roderic A. Carucci
Law Offices of Mark Wray
Washoe Court Clerk