An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAUREN BRIZENO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MATHEW HARTER, DISTRICT JUDGE,
Respondents,
and
BRIAN TOMKOWIAK,
Real Party in Interest.

No. 65685

FILED

MAY 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR A WRIT OF MANDAMUS
OR, IN THE ALTERNATIVE, PROHIBITION*

This is an original emergency petition for a writ of mandamus or, in the alternative, prohibition that challenges a district court order temporarily suspending petitioner's visitation with the two minor children. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be considered is solely within our discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is generally not available, however, when the petitioner has a plain, speedy,

14-16987

and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Our review of the petition and supporting documents indicates that petitioner has filed a motion to amend in the district court, in which she raises some of the issues addressed in this writ petition, and the district court has set a hearing on that motion for June 10, 2014. Under these circumstances, we conclude that our intervention by way of extraordinary relief is not warranted at this time. *See* NRAP 21(b)(1); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith*, 107 Nev. at 677, 818 P.2d at 851 (stating that the issuance of an extraordinary writ is purely discretionary with this court). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                              Cherry

cc:   Hon. Mathew Harter, District Judge
      Law Office of Mario Fenu, Ltd.
      Bush & Levy, LLC
      Hofland & Tomsheck
      Eighth District Court Clerk

---

[1]In light of this order, petitioner's May 20, 2014, motion to expedite is denied as moot.