An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUELA HERNANDEZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65939

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or, in the alternative, prohibition seeking an order directing the district court to amend petitioner's case plan in the abuse and neglect proceedings to delete the requirement that she submit to drug testing.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station. NRS 34.160; *Int'l Game Tech. Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Generally, petitions for extraordinary relief are only available when the petitioner has no plain, speedy, and adequate remedy at law. NRS 34.170; NRS 34.330. It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the

burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments and the documentation before this court, we conclude that our intervention by extraordinary writ relief is not warranted. *See Smith*, 107 Nev. at 677, 818 P.2d at 851; *Pan*, 120 Nev. at 228, 88 P.3d at 844. Petitioner has an adequate legal remedy by which to challenge the drug-testing portion of her case plan in the form of a motion to revoke or modify the case plan under NRS 432B.570(1). *See* NRS 34.170; NRS 34.330. NRS 432B.570(2) mandates that the district court hold a hearing on such a motion. Although petitioner orally objected to the drug-testing portion of her case plan below, the district court did not enter any written factual findings on the issue, and we cannot determine, based on the limited record before us, whether the drug-testing portion of the case plan was a manifest abuse of discretion or in excess of the district court's authority. *See generally In re Sergio C.*, 83 Cal. Rptr. 2d 51, 53 (Ct. App. 1999) (discussing whether there is sufficient evidence to allow a district court to require a parent to undergo drug testing as part of a case plan to reunify with his or her children). Thus, petitioner has not met her burden of demonstrating that extraordinary relief is warranted at this time. *Pan*, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Robert Teuton, District Judge, Family Court Division
Special Public Defender
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk