An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHELLE L. ANGELES F/K/A
MICHELLE L. BAGALAWIS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM S. POTTER, DISTRICT
JUDGE,
Respondents,
and
JOHNNY W. CARDONA,
Real Party in Interest.

No. 66708

**FILED**

OCT 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an emergency petition for a writ of mandamus or, in the alternative, prohibition challenging an oral denial of a motion requesting that caretaking authority of a minor child be granted to a nonparent while petitioner is deployed.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech, Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34712

851. Petitioners bear the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

The documents before this court demonstrate that the district court entered a previous order in July 2014, providing that the child would remain with the parent not being deployed during the other parent's deployment. NRS 125C.0665 allows an order regarding the custodial responsibility of the child during a parent's deployment to be entered prior to the deployment of the parent and provides that such an order is binding on the court unless the standard for modifying custody is met. Having considered petitioner's arguments and the documents before this court, we conclude that petitioner has not met her burden of demonstrating that the district court acted arbitrarily or capriciously. *See* NRS 34.160; NRS 34.320; *Pan*, 120 Nev. at 228, 88 P.3d at 844; NRAP 21(b). Accordingly, we conclude that our intervention by extraordinary writ relief is not warranted, and we

ORDER the petition DENIED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]While petitioner also asserts that the district court should have held an expedited hearing on the motion under NRS 125C.0661, because the hearing on her motion has since been held, this court is unable to provide her any relief in this regard.

cc:    Hon. William S. Potter, District Judge, Family Court Division
       David L. Mann
       The Law Offices of Mandy J. McKellar
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A