An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: I.G.C., A MINOR

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND CLARK
COUNTY DISTRICT
ATTORNEY/JUVENILE DIVISION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
and
MARITES C.; AND TRAVIS C.,
Real Parties in Interest.

No. 66653

**FILED**

OCT 20 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging the juvenile court's order directing the reunification of the minor child with real party in interest Marites C.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech, Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818

14-34870

P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioners bear the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments and the documents before this court, we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRS 34.160; NRS 34.320; *Smith*, 107 Nev. at 677, 818 P.2d at 851. In particular, petitioners have failed to meet their burden of establishing that under Nevada law the juvenile court lacked authority to enter the reunification order while an appeal from the district court's order denying the petition to terminate real parties in interest's parental rights is pending. NRS 34.320; *Pan*, 120 Nev. at 228, 88 P.3d at 844. Petitioners' reliance on *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006), which held that an appeal divests the district court of jurisdiction to revisit issues pending on appeal, is misplaced because the reunification order arises from the juvenile court proceeding in District Court Case No. J316856, and that proceeding is separate from the district court parental termination proceeding in District Court Case No. D436469, from which the appeal arises.[1]

Further, the juvenile court did not arbitrarily or capriciously exercise its discretion when it entered the reunification order as it required that a safety plan be put in place prior to Marites C.'s reunification with the child in an effort to protect the child from real party

---

[1]Because the appeal of the order denying the petition to terminate parental rights is pending in this court, we make no comment on the merits of that appeal in this order.

in interest Travis C. *Int'l Game Tech*, 124 Nev. at 197, 179 P.3d at 558. We trust that the juvenile court will continue to monitor this matter so as to ensure the child's safety. Accordingly, we

ORDER the petition DENIED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta


cc:   Hon. Frank P. Sullivan, District Judge, Family Court Division
      Clark County District Attorney/Juvenile Division
      Special Public Defender
      Aaron Grigsby
      Eighth District Court Clerk