An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

RENARD TRUMAN POLK,
Petitioner,
vs.
NEVADA COMMISSION ON JUDICIAL
DISCIPLINE,
Respondent.

No. 65971

**FILED**

NOV 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original proper person writ petition challenging the Nevada Commission on Judicial Discipline's (NCJD's) actions concerning petitioner's complaints to the NCJD against various justices and judges.

As an initial matter, petitioner's petition is entitled "Petition for Review," but it requests that this court review certain NCJD actions that are not appealable by petitioner and that this court order the NCJD to conduct a hearing regarding petitioner's complaints. Based on this, we construe petitioner's petition as a petition for a writ of mandamus.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is

SUPREME COURT
OF
NEVADA

(O) 1947A

14-38017

warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

In this case, petitioner has failed to provide this court with any appendix containing documentation of his complaints to the NCJD or the NCJD's action concerning those complaints. *See* NRAP 21(a)(4). Consequently, we are unable to substantiate petitioner's allegations. *Pan*, 120 Nev. at 229, 88 P.3d at 844 ("If essential information is left out of the petition and accompanying documentation, we have no way of properly evaluating the petition."). Thus, having considered the petition filed in this matter, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. *Id.* at 228, 88 P.3d at 844; *Smith,* 107 Nev. at 677, 818 P.2d at 851; *see also* NRAP 21(b)(1). Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Douglas

_____, J.
Cherry

cc:    Renard Truman Polk
       Nevada Commission on Judicial Discipline

SUPREME COURT
OF
NEVADA

(O) 1947A