An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIA LUZ MARIGOMEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
THE HONORABLE GLORIA STURMAN,
DISTRICT JUDGE; AND THE
HONORABLE WESLEY F. YAMASHITA,
PROBATE COMMISSIONER,
Respondents,
and
CLIFFORD ICHIYASU,
Real Party in Interest.

No. 67103

**FILED**

DEC 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR A WRIT OF MANDAMUS OR PROHIBITION

This is an original emergency petition for a writ of mandamus or prohibition challenging a district court order that removed petitioner and appointed real party in interest as trustee of a nontestamentary trust.

A writ of mandamus is an extraordinary remedy available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Whether a petition for extraordinary relief will be considered is within this court's sole discretion, *Smith*, 107 Nev. at 677, 818 P.2d at 851, and it is petitioner's burden to demonstrate that our extraordinary intervention is

SUPREME COURT
OF
NEVADA

(O) 1947A

14-42095

warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Moreover, writ relief is available only when there is no plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Generally, an appeal is an adequate legal remedy precluding writ relief. *Pan*, 120 Nev. at 224, 88 P.3d at 841.

Having considered the petition, we are not persuaded that our intervention is warranted at this time. The district court has scheduled hearings for January 9 and 14, 2015, to consider real party in interest's petitions alleging petitioner's breach of fiduciaries duties. NRS 164.015(6) allows an appeal from a district court order resolving a petition over the internal affairs of a nontestamentary trust. Petitioner has not demonstrated that this court's intervention by extraordinary relief on an emergency basis is warranted before the district court has fully considered the issues below. Accordingly, we deny the petition and the request for a stay.[1] *See* NRAP 21(b)(1); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Pickering

_____, J.          _____, J.
Parraguirre                                      Saitta

---

[1]We note that a request for a stay in this court must be presented through a separate motion under NRAP 27.

cc: Hon. Gloria Sturman, District Judge
Hon. Wesley F. Yamashita, Probate Commissioner
Ghandi Deeter Law Offices
Mary F Chapman
Anthony L. Barney, Ltd.
Sparber Annen Morris & Gabriel
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A