IN THE SUPREME COURT OF THE STATE OF NEVADA

GRAND CANYON VILLAGE
HOMEOWNERS ASSOCIATION, A
NEVADA NON-PROFIT
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
and
VEGA SPECIALTIES, LLC, RCR
PLUMBING AND MECHANICAL, INC.;
LPC DEVELOPMENT, INC. D/B/A BIG
SKY DEVELOPMENT, INC.; GRAND
CANYON INVESTORS, LLC; NEVADA
GYPSUM FLOORS, INC.; LDI
MECHANICAL, INC.; WESTCOR
CONSTRUCTION, INC.; GENERAL
ALUMINUM, LLC F/K/A GENERAL
ALUMINUM COMPANY OF TEXAS,
LP; COOPER ROOFING CO.;
HENDERSON FLOOR COVERINGS,
INC. D/B/A CLOUD CARPETS &
DRAPERIES; JOHNSON ELECTRIC,
INC.; AND QUALITY IRON,
Real Parties in Interest.

No. 66603

**FILED**

OCT 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of prohibition or mandamus challenges a district court order granting a motion for partial summary judgment in a homeowners' association's construction defect action. Petitioner Grand Canyon Homeowners Association initiated a construction

defect action on behalf of the unit owners in the association against real parties in interest. During the litigation, several unit owners sold their homes. Real parties in interest filed a motion seeking to have the original unit owners dismissed from the action and to prevent the subsequent purchasers from joining the action. The district court granted the motion, holding that (1) petitioner cannot represent the former unit owners of the 212 units that sold, (2) petitioner may continue to litigate claims concerning those homes that did not change ownership, and (3) petitioner may represent subsequent unit owners if the former unit owners assigned their claims to the subsequent unit owners.

We recently addressed this issue in *High Noon at Arlington Ranch Homeowner's Ass'n v. Eighth Judicial District Court*, 133 Nev., Adv. Op. 66, ___ P.3d ___ (2017). Therein, we held that an HOA could continue to represent subsequent unit owners in representative actions under NRS 116.3102(1)(d) (2007) because the subsequent unit owners were now the members of the association. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its September 5, 2014, order granting partial summary judgment and to enter an order consistent with this court's

holding in *High Noon at Arlington Ranch Homeowner's Ass'n v. Eighth Judicial District Court*, 133 Nev, Adv. Op. 66, ___ P.3d ___ (2017).[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

cc:  Hon. Susan Johnson, District Judge
     Angius & Terry LLP/Las Vegas
     Luh & Associates
     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
     Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
     Wolfe & Wyman LLP
     Bullard, Brown & Beal, LLP
     Shumway Van
     Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
     Cooper Levenson, P.A.
     Eighth District Court Clerk

---

[1]We deny petitioner's alternative request for a writ of prohibition. We also deny real parties in interest's motion to submit additional authorities because it seeks to introduce issues beyond the scope of petitioner's writ petition. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 229, 88 P.3d 840, 844 (2004) (explaining the limited scope of writ review).