# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERYL BOTZET,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHAEL
VILLANI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 80262



FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of prohibition or mandamus challenges a district court decision denying a motion to dismiss an indictment. Having reviewed the petition and supporting documents, we are not convinced that our intervention is warranted.[1] In particular, petitioner's reliance on *Gathrite v. Eighth Judicial District Court* is misplaced because the relevant evidentiary determinations in the prior proceedings did not involve a "suppression ruling." 135 Nev., Adv. Op. 54, 451 P.3d 891, 896 & n.7 (2019) (holding that "when a judge suppresses evidence before or during a preliminary hearing and the State has not successfully challenged the suppression ruling, NRS 172.135(2) precludes the State from presenting the suppressed evidence to the grand jury" and defining "suppression ruling" for purposes of that holding). And we decline to consider petitioner's law-of-the-case argument regarding the pretrial

---

[1]Because we decline to intervene, we also deny the motions filed on December 23, 2019, and January 16, 2020.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-03318

evidentiary decisions in the underlying prosecution as that argument may be pursued on direct appeal should petitioner be convicted, NRS 177.015(3); NRS 177.045, and she therefore has an adequate remedy at law that militates against our pretrial intervention. NRS 34.170; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) ("[T]he right to appeal is generally an adequate legal remedy that precludes writ relief."). Petitioner has not pointed to any circumstances that reveal urgency or strong necessity for this court to intervene even though there is an alternative remedy available. *Cf. Salaiscooper v. Eighth Judicial Dist. Court*, 117 Nev. 892, 901-02, 34 P.3d 509, 515-16 (2001) (concluding that review through writ petition was warranted even though there was an alternative remedy where there were 56 similar cases with the same issues pending in lower courts and petition presented issue of great statewide importance). For these reasons, we

ORDER the petition DENIED.[2]

_Pickering_, C.J.
Pickering

_Gibbons_, J.
Gibbons

_Douglas_, Sr.J.
Douglas

cc: Hon. Michael Villani, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.