IN THE SUPREME COURT OF THE STATE OF NEVADA

GERALD JEROME POLK,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK,
Respondent,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 80552



FILED

FEB 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR A WRIT OF MANDAMUS

This original pro se petition for a writ of mandamus challenges the Nevada Department of Corrections' application of good time credits under NRS 209.4465. Petitioner contends that NDOC is improperly applying NRS 209.4465(8) to deny application of credits to his minimum sentence.

We have considered the petition, and we decline to exercise our original jurisdiction in this matter. *See* NRS 34.170; NRAP 21(b)(1); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted."). Petitioner is challenging the computation of time he has served. A postconviction petition for a writ of habeas corpus filed in the district court in the county in which the petitioner is incarcerated "[is] the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of

SUPREME COURT
OF
NEVADA

(O) 1947A

20-06122

conviction." NRS 34.724(2)(c); *see* NRS 34.738(1). Accordingly, without deciding upon the merits of any claims raised, we

ORDER the petition DENIED.[1]

_____ Pickering _____, C.J.
Pickering

_____ Hardesty _____, J.        _____ Cadish _____, J.
Hardesty                                                                      Cadish

cc:    Gerald Jerome Polk
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Petitioner has not provided this court with exhibits or other documentation that would support his claims for relief. *See* NRAP 21(a)(4) (providing the petitioner shall submit an appendix containing all documents "essential to understand the matters set forth in the petition"). This constitutes an additional basis for denying relief.