# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI SHAHROKHI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MATHEW HARTER, DISTRICT JUDGE,
Respondents,
  and
KIZZY BURROW,
Real Party in Interest.

No. 83164



FILED

JUL 30 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## *ORDER DENYING PETITION*

This pro se original petition for a writ of mandamus or prohibition challenges two no contact orders that the district court entered on July 16, 2019.

This court has original jurisdiction to grant writs of mandamus and prohibition, and the issuance of such extraordinary relief is solely within this court's discretion. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007). The petitioner bears the burden to show that extraordinary relief is warranted, and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004). An appeal is generally an adequate remedy precluding writ relief. *Id.* at 224, 88 P.3d at 841. Even when an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from a final judgment generally precludes writ relief.

21-22164

*Id.* at 225, 88 P.3d at 841. In addition, delay may preclude writ relief. *See, e.g., id.* at 224-25, 88 P.3d at 841 (noting that writ relief is not available to correct an untimely notice of appeal); *Building and Const. Trades Council of N. Nev. v. State Pub. Works Bd.*, 108 Nev. 605, 611, 836 P.2d 633, 637 (1992) (holding that the doctrine of laches barred a writ petition where there was inexcusable delay in the filing of the petition).

Having considered the petition, we are not persuaded that our extraordinary intervention is warranted because petitioner has not demonstrated that his appeal from the district court's final order resolving custody is not a plain, speedy, and adequate remedy. Additionally, petitioner has not supplied an explanation for his nearly two-year delay in bringing the instant writ petition to challenge the district court's no contact orders. Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cadish

cc: Hon. Mathew Harter, District Judge
Ali Shahrokhi
Marzola & Ruiz Law Group PLLC
Eighth District Court Clerk

---

[1]Given this order, we deny petitioner's "motion to seal exhibits to support petition for writ of mandamus."