IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI SHAHROKHI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAWN THRONE, DISTRICT JUDGE,
Respondents,
and
KIZZY BURROW,
Real Party in Interest.

No. 83558

FILED

OCT 13 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This original pro se petition for a writ of mandamus or prohibition challenges a district court order denying petitioner's motion to disqualify Judge Dawn Throne based on petitioner's allegations that Judge Throne has a close personal relationship with real party in interest's former counsel Thomas Standish. Petitioner appears to contend that Judge Throne has a pecuniary interest in attorney Standish's career because she listed Jolley, Urga, Wirth, Woodbury and Standish on her commission on judicial selection application. He argues that Standish's career is in jeopardy because, in the underlying custody dispute, attorney Standish committed fraud upon the court.

This court has original jurisdiction to grant writs of mandamus and prohibition, and the issuance of such extraordinary relief is solely within this court's discretion. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37

21-29487

(2007).  Petitioner bears the burden to show that extraordinary relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).  Having considered the petition and supporting documents, we are not persuaded that our extraordinary intervention is warranted.  Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Dawn Throne, District Judge, Family Court Division
      Ali Shahrokhi
      Kizzy Burrow
      Eighth District Court Clerk

----

[1]Given this disposition, we further deny petitioner's emergency motion for stay of the proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A