# IN THE SUPREME COURT OF THE STATE OF NEVADA

KUPAA KEA,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE,
Respondent,
  and
WARDEN JOHN DOE, OF NORTHERN
NEVADA CORRECTIONAL CENTER,
Real Party in Interest.

No. 84217

FILED

MAR 1 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original pro se petition for a writ of mandamus seeking the application of credits to petitioner's sentence pursuant to both NRS 209.4465 and NRS 209.4475.

At the outset, we note that petitioner has not provided this court with exhibits or other documentation that would support his claims for relief. *See* NRAP 21(a)(4) (providing the petitioner shall submit an appendix containing all documents "essential to understand the matters set forth in the petition"); *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted.").

Moreover, having considered the petition, we are not persuaded that writ relief is warranted because petitioner has a plain, speedy, and adequate remedy available to him by way of an appeal from the district court's denial of such relief in the first instance. "A postconviction petition

22-07773

for a writ of habeas corpus is 'the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction.'" *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017) (quoting NRS 34.724(2)(c)); *see also Pan*, 120 Nev. at 224, 88 P.3d at 841 (writ relief is proper only when there is no plain, speedy, and adequate remedy at law). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc: Kupaa Kea
Attorney General/Carson City
Washoe District Court Clerk