IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS DRAGON HOTEL, LLC, A
NEVADA LIMITED LIABILITY
COMPANY, D/B/A ALPINE MOTEL
APARTMENTS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARIA A. GALL, DISTRICT JUDGE,
Respondents,
    and
DEBORAH CIHAL CRAWFORD,
INDIVIDUALLY AND AS HEIR TO THE
ESTATE OF TRACY ANN CIHAL;
JOHN DOE ADMINISTRATOR, AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF TRACY ANN CIHAL;
DIANE ROBERTS, INDIVIDUALLY
AND AS HEIR TO THE ESTATE OF
DONALD KEITH BENNETT; MIA
LUCILEE BENNETT, INDIVIDUALLY
AND AS HEIR TO THE ESTATE OF
DONALD KEITH BENNETT, BY AND
THROUGH HER GUARDIAN AD
LITEM DIANE ROBERTS; DONALD
ROBERTS, INDIVIDUALLY AND AS
HEIR TO THE ESTATE OF DONALD
KEITH BENNETT; JOHN DOE
ADMINISTRATOR, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF DONALD KEITH BENNETT;
FRANCIS LOMBARDO, III,
INDIVIDUALLY AND AS HEIR TO THE
ESTATE OF FRANCIS LOMBARDO,
JR.; JOHN DOE ADMINISTRATOR, AS
SPECIAL ADMINISTRATOR OF THE

No. 85081

FILED

AUG 1 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

22-25857

ESTATE OF FRANCIS LOMBARDO, JR; RICHARD AIKENS; MICHELLE AIKENS; MICHAEL AIKENS, A MINOR BY AND THROUGH HIS NATURAL PARENTS, RICHARD AIKENS AND MICHELLE AIKENS; BRIANNA AIKENS, A MINOR BY AND THROUGH HER NATURAL PARENTS, RICHARD AIKENS AND MICHELLE AIKENS; DEJOY WILSON; JOHNATHAN WILSON; RETOR JONES, JR.; HELEN CLARK; VICTOR COTTON; CHRISTINA FARINELLA; HAILU ADDIS; DENICIA JOHNSON; PAUL WISE; CARMAN MCCANDLESS; PARALEE MINTER; AUDREY PALMER; SARA RACHAL; KELVIN SALYERS; JOE AGUILERA; DAYSHENA THOMAS; ANDREW THOMAS, A MINOR BY AND THROUGH HIS NATURAL PARENT, DAYSHENA THOMAS; SANDRA JONES; TIACHERELL DOTSON; A'LAYNA DOTSON, BY AND THROUGH HER NATURAL PARENT, TIACHERELL DOTSON; CLEA ROBERTS; NELSON BLACKBURN; FLOYD GUENTHER; DOYLE MYERS; LAURA EDWARDS; ROY BACKHUS; JIMMY BROWN-LACY; DELMARKAS COMBS; CHARLES COUCH; STEPHANIE COUCH; ASHLEY ROGERS, A MINOR BY AND THROUGH HER NATURAL PARENT, CHERYL ROGERS; CHERYL ROGERS; MATTHEW SYKES; THELMA SYKES; DAVID BARBARA; EDDIE ELLIS; C. EUGENE FRAZIER; JEREMY GORDON SCOTTI HUGHES; TOMMY CALDERILLA; AND KAREN KELLY, CLARK COUNTY PUBLIC GUARDIAN


(O) 1947A

FOR CHRISTIAN SPANGLER,
Real Parties in Interest.

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or, alternatively, prohibition challenges a district court order denying a motion to dismiss in a tort action.

This court has original jurisdiction to issue writs of mandamus and prohibition, and the issuance of such extraordinary relief is solely within this court's discretion. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007). Petitioners bear the burden to show that extraordinary relief is warranted, and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004). An appeal is generally an adequate remedy precluding writ relief. *Id.* at 224, 88 P.3d at 841. Even when an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from a final judgment generally precludes writ relief. *Id.* at 225, 88 P.3d at 841.

Having considered the petition, we are not persuaded that our extraordinary intervention is warranted for several reasons. To begin, petitioner has not demonstrated that an appeal from a final judgment would not be a plain, speedy, and adequate remedy. This court typically will not entertain a writ petition challenging the denial of a motion to dismiss, especially where, as here, issuance of the requested writ relief would not dispose of the entire action. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 824-25, 407 P.3d 702, 709-10 (2017). Further, our




extraordinary intervention is not warranted given the substantial amount of time that has elapsed since the district court issued the order being challenged, petitioner's failure to provide an explanation for its delay in seeking writ relief, and petitioner's failure to include records in its appendix that are essential to this court's understanding of the matters set forth in the petition, including records pertaining to the procedural posture of the proceedings below. *See* NRAP 21(a)(4). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Maria A. Gall, District Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Hall Jaffe & Clayton, LLP
Panish Shea & Boyle, LLP/Las Vegas
Eglet Adams
Murdock & Associates, Chtd.
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk