An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD CHARLES SILVA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67785

FILED

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is a petition for a writ of mandamus seeking an order directing the district court to vacate an order denying a motion for reconsideration, vacate the judgment of conviction, and conduct a new sentencing hearing. Petitioner argues that the victims made false statements during the sentencing hearing, that he was not permitted an opportunity to refute these allegations, and the district court refused to consider new evidence at the hearing on the motion for reconsideration. Petitioner argues that he has no adequate legal remedy for relief from sentencing.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Williams v. Eighth Judicial Dist. Court*, 127 Nev. Adv. Op. No. 45, 262

15-15207

P.3d 360, 364 (2011) (internal quotation marks and citation omitted); NRS 34.160. The writ of mandamus will issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Generally, the right to appeal is an adequate remedy in the ordinary course of law that will preclude writ relief, and "writ relief is not available to correct an untimely notice of appeal." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Here, petitioner had an adequate legal remedy available to challenge his sentence and the information considered at sentencing—a direct appeal from the judgment of conviction. Petitioner may also challenge the validity of the judgment of conviction in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance.[1] NRS 34.724(2)(b); NRS 34.738(1). Therefore, we conclude a speedy and adequate legal remedy was available to petitioner and our intervention is not warranted.

Moreover, even if this court were inclined to review the proceedings below, petitioner has failed to establish that the district court judge failed to perform any duty of her office or exercised her discretion in an arbitrary or capricious manner. The district court judge repeatedly informed petitioner during the hearing on the motion for reconsideration that the allegedly false information provided by the victims did not impact

---

[1]We express no opinion as to whether petitioner could meet the procedural requirements of NRS chapter 34.

her sentencing decision. Nothing in the petition or appendix before this court demonstrates that the district court judge arbitrarily or capriciously exercised her discretion in denying the motion for reconsideration. Accordingly, we

ORDER the petition DENIED.



_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Stefany Miley, District Judge
       Mayfield, Gruber & Sheets
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk