An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES L. EWING, III; AND DIXIE EWING,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE CAROLYN ELLSWORTH, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67895

FILED

JUN 10 2015

TRACIE K. LINDIMAN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges an order of the district court denying a pretrial petition for a writ of habeas corpus. Petitioners James and Dixie Ewing contend that the district court erred in concluding that they could be bound over on charges of theft and forgery as they were entitled to compensation from displacement under NRS chapter 342. *See* NRS 34.160; NRS 34.320; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).[1] We conclude that petitioners have not demonstrated that writ review is appropriate because petitioners have a plain, speedy, and

---

[1]In the alternative, petitioners seek a writ of prohibition. Because the district court had jurisdiction to deny their petitions for writs of habeas corpus, we conclude that a writ of prohibition is not the appropriate mechanism for this matter. *See* NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-17728

adequate remedy at law by way of an appeal should they be convicted, NRS 177.015(3); NRS 177.045 ("Upon the appeal, any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed."), and they have not demonstrated that the district court manifestly abused its discretion in concluding that they did not have an absolute right to the relocation funding pursuant to NRS chapter 342, which they were accused of stealing with forged documentation. *See* NRS 342.075(1) (providing that the provisions of NRS chapter 342 only apply to those displaced persons and businesses who did not willingly agree to the purchase price offered by the government); *see also Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that petitioner bears the burden of demonstrating that this court's intervention by way of extraordinary relief is warranted). Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Carolyn Ellsworth, District Judge
     Gary A. Modafferi
     Turco & Draskovich
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk