132 Nev., Advance Opinion 16

IN THE SUPREME COURT OF THE STATE OF NEVADA

AIMEE HAIRR; AURORA ESPINOZA; ELIZABETH ROBBINS; LARA ALLEN; JEFFREY SMITH; AND TRINA SMITH, Petitioners,

vs.

THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CARSON CITY; AND THE HONORABLE JAMES E. WILSON, DISTRICT JUDGE, Respondents,

and

HELLEN QUAN LOPEZ, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, C.Q.; MICHELLE GORELOW, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, A.G. AND H.G.; ELECTRA SKRYZDLEWSKI, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, L.M.; JENNIFER CARR, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, W.C., A.C., AND E.C.; LINDA JOHNSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, K.J.; SARAH SOLOMON AND BRIAN SOLOMON, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, D.S. AND K.S.; AND DAN SCHWARTZ, NEVADA STATE TREASURER, IN HIS OFFICIAL CAPACITY, Real Parties in Interest.

No. 69580

FILED

MAR 10 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to intervene.

*Petition denied.*

5/3/16: Corrected per letter to publishers. CJ

16-07625

Kolesar & Leatham, Chtd., and Matthew T. Dushoff and Lisa J. Zastrow, Las Vegas,
for Petitioners.

Adam Paul Laxalt, Attorney General, and Lawrence J.C. VanDyke, Solicitor General, Joseph Tartakovsky, Special Assistant Attorney General, and Ketan D. Bhirud, Chief Deputy Attorney General, Carson City,
for Real Party in Interest Dan Schwartz, Nevada State Treasurer.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Don Springmeyer, Justin C. Jones, and Bradley S. Schrager, Las Vegas; Education Law Center and David G. Sciarra and Amanda Morgan, Newark, New Jersey; Munger, Tolles & Olson, LLP, and Tamerlin J. Godley, Thomas Paul Clancy, and Samuel T. Boyd, Los Angeles, California,
for Real Parties in Interest Hellen Quan Lopez, Michelle Gorelow, Electra Skryzdlewski, Jennifer Carr, Linda Johnson, Sarah Soloman, and Brian Soloman.

---

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this original petition for a writ of mandamus, we must determine whether the district court abused its discretion in denying petitioners' motion to intervene as defendants in the underlying action as a matter of right under NRCP 24(a), or alternatively, through permissive intervention under NRCP 24(b). We conclude, as the district court found, that petitioners' "interest is adequately represented" by real party in interest Dan Schwartz, Nevada Treasurer, in his official capacity (State). NRCP 24(a)(2). Petitioners and the State share the same goal of having the education grant program created by Senate Bill 302 declared

constitutional. The State, in defending S.B. 302's validity, is presumed to be adequately representing the interests of citizens who support the bill, including petitioners. Petitioners failed to overcome the presumption when they could not show any conflict of interest with the State's position or cite an argument they would make that the State would not. As for the denial of permissive intervention, such decisions are given particular deference, including considerations of potential delay and increased costs in adding parties. Petitioners' failed to provide any supportable reasons why a writ should issue to reverse that discretionary decision. Moreover, while the district court did not perceive any benefit to petitioners' intervention, it invited them to brief the determinative issue as amici curiae, which, under the circumstances, is an adequate alternative to permissive intervention. As we perceive no abuse of discretion in the district court's decision, we deny writ relief.

## BACKGROUND

This petition arises out of a district court action in which several parents are challenging the constitutionality of S.B. 302 on their own behalf and on behalf of their minor children who attend Nevada public schools. Senate Bill 302

> establish[es] a program by which a child who receives instruction from a certain entity rather than from a public school may receive a grant of money in an amount equal to the statewide average basic support per-pupil [and] provid[es] for the amount of each grant to be deducted from the total apportionment to the school district.

2015 Nev. Stat., ch. 332, at 1824. Plaintiffs filed their suit against defendant Dan Schwartz, in his official capacity as the Treasurer of the State of Nevada.

Petitioners, who are parents seeking to apply for the grants, moved to intervene in district court as defendants, arguing that they satisfy the requirements for intervention of right under NRCP 24(a), or alternatively that they should be permitted to intervene under NRCP 24(b) to assist the court "in focusing on the effect of the challenged law on its real beneficiaries, parents and children." Plaintiffs opposed the motion, and the State did not. After the district court denied the motion, petitioners filed this petition for a writ of mandamus to compel the district court to grant their application to intervene.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Because petitioners are not parties to the underlying action and cannot appeal the district court's order denying intervention, a mandamus petition is an appropriate method to seek review of such an order. *Am. Home Assurance Co. v. Eighth Judicial Dist. Court*, 122 Nev. 1229, 1234, 147 P.3d 1120, 1124 (2006). Petitioners have the burden of demonstrating that writ relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *see Am. Home Assurance Co.*, 122 Nev. at 1234, 147 P.3d at 1124 (recognizing the district court's considerable discretion in deciding a motion to intervene and declining to grant writ relief where petitioners failed to demonstrate a clear abuse of that discretion).

*Intervention of right*

Petitioners first argue that the district court was required to grant their application for intervention of right because they met the rule's

prerequisites for rightful intervention and the district court applied the wrong legal standard in determining that they did not. As the district court's discretionary judgment rested on the words of NRCP 24(a), we disagree that the rule mandates a different outcome.

NRCP 24(a) provides that

[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

We have previously held that an applicant for intervention of right must show "(1) that it has a sufficient interest in the litigation's subject matter, (2) that it could suffer an impairment of its ability to protect that interest if it does not intervene, (3) that its interest is not adequately represented by existing parties, and (4) that its application is timely." *Am. Home Assurance Co.*, 122 Nev. at 1238, 147 P.3d at 1126. "Determining whether an applicant has met these four requirements is within the district court's discretion." *Id.*

Here, the district court found that although petitioners arguably met requirements 1, 2, and 4 for intervention of right, they failed to satisfy requirement 3 by demonstrating that their interest in upholding the constitutionality of S.B. 302 would not be adequately represented by the State. The district court determined that where, as here, the original defendant in a suit is a state official represented by the state attorney general, the applicant seeking intervention must make a "very compelling

SUPREME COURT
OF
NEVADA

(O) 1947A

5

showing" to overcome a presumption that the government will adequately represent the applicant's interests.

Petitioners contend that the district court applied the wrong standard in resolving their motion, as they were required to show only that the State's representation "may be" inadequate in order to overcome the presumption. According to petitioners, they met this minimal burden by arguing that the State has broader interests than they do on a theoretical level and that they might, without actually identifying any, make different arguments than the State. In that regard, petitioners assert that in finding that petitioners had no independent legal interest in seeing the constitutionality of S.B. 302 upheld, the district court failed to recognize their "liberty interest in the educational upbringing of their children." Petitioners' understanding of their burden to overcome the presumption of the State's adequate representation does not accurately reflect the legal standard that applies when the State and the intervention applicant share the same goal in the litigation, and therefore these arguments do not provide a basis for writ relief.

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties . . . . [and] when an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Although the Ninth Circuit explained that "[t]he burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate," it also recognized that there is an "assumption of adequacy when the government is acting on behalf of a

constituency it represents," and "[i]n the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (quoting 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 (3d ed. 2007)); *see also Lundberg v. Koontz*, 82 Nev. 360, 362-63, 418 P.2d 808, 809 (1966) (denying a motion to intervene of right on the basis that the interests of the intervenor applicants were adequately represented by the State because the single issue raised was an issue of law on which the applicants and the State sought the same outcome).

Consistent with the Ninth Circuit's reasoning, we held in *American Home Assurance Co.* that although the applicant's burden to prove the inadequacy of representation "has been described as 'minimal,' when the [applicant's] interest or ultimate objective in the litigation is the same as the [existing party]'s interest or subsumed within [that existing party's] objective, the . . . representation should generally be adequate, unless the [applicant] demonstrates otherwise." 122 Nev. at 1241, 147 P.3d at 1128. We concluded that unless the applicant "can show that the [existing party] has a different objective, adverse to its interest," or can show that the existing party "may not adequately represent their shared interest, the [existing party's] representation is assumed to be adequate." *Id.* at 1242, 147 P.3d at 1129.

In this case, petitioners and the State have the same ultimate objective—a determination that S.B. 302 is constitutional—and petitioners did not identify any conflicting interest or point to any arguments that the State was refusing to make in support of the bill's constitutionality. To the contrary, the State has shown its willingness to fully defend the bill, including through appeal. As for petitioners' argument that the State's

interest in upholding the bill is broader than the liberty interest petitioners identified in seeking intervention, the only issue in this case is the constitutionality of S.B. 302, and petitioners do not indicate how protecting their right to choose where to educate their children would result in their assertion of different defenses in support of the determinative issue. Although petitioners cite to school voucher litigation in other states to support their contention that the State's arguments may differ from their own, use of different legal arguments and strategies is not per se inadequate representation. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009). Regardless, petitioners failed to identify any such differing arguments in this case, although they presumably could have done so, and they likewise did not provide examples of how the defenses raised by the intervenor parents in the cases cited were different from the state's defenses in those cases. Instead, petitioners note that the intervenor-parents in those cases pursued different litigation strategies, which does not justify intervention of right. On this record, the district court had no reason to conclude that the State's representation would be inadequate.

Because petitioners have not shown that they have a different legal interest than the State in the outcome of the litigation or that their interests in defending the suit are adverse to the State's interests, the district court correctly determined that petitioners failed to make the required compelling showing to overcome the presumption that the State will adequately represent their interest. *Am. Home Assurance Co.*, 122 Nev. at 1234, 147 P.3d at 1124; *Arakaki*, 324 F.3d at 1086. Thus, petitioners have failed to meet their burden to demonstrate that a writ should issue to compel the district court to grant intervention of right.

(O) 1947A

*Permissive intervention*

Petitioners next argue that the district court abused its discretion by denying their request for permissive intervention under NRCP 24(b), pointing to two alleged legal errors. First, petitioners argue that the district court did not adequately consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" as is required by NRCP 24(b)(2). Second, petitioners contend that the district court's decision was based on an erroneous finding that petitioners did not comply with NRCP 24(c)'s requirement that a motion for intervention "be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

NRCP 24(b) provides that

> [u]pon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The district court's concerns in denying permissive intervention centered on the potential for delay and increased costs, which it determined would come with no measurable benefit to the court's ability to determine the legal and factual issues in the case. The district court also found that petitioners failed to comply with NRCP 24(c)'s procedural requirements and instead filed numerous documents, including an opposition to plaintiffs' preliminary injunction motion, a filing in support of the State's motion to dismiss, and notices to substitute and associate counsel even though they were not parties and had no legal basis to do so. The district

court therefore declined to exercise its discretion to grant permissive intervention.

A district court's ruling on permissive intervention is subject to "particularly deferential" review. *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999). Permissive intervention "is wholly discretionary with the [district] court ... and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1913 (3d ed. 2007). Thus, on review, the question "is not whether 'the factors which render permissive intervention appropriate under [Rule] 24(b) were present,' but is rather 'whether the trial court committed a clear abuse of discretion in denying the motion.'" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (quoting *Korioth v. Briscoe*, 523 F.2d 1271, 1278 (5th Cir. 1975)).

The district court properly considered the potential for delay and increased costs to the parties, as required by NRCP 24(b)(2), and although petitioners argue that the district court merely mentioned generalized concerns in this regard, this is precisely the type of fact-based judgment determination entitled to particular deference by a reviewing court. Thus, petitioners have not demonstrated that the district court clearly abused its discretion in denying permissive intervention on this score.

Providing further reason to deny the writ petition as to permissive intervention, the district court invited petitioners to submit briefs on determinative issues as amici curiae. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (recognizing that an appeals court may

consider the fact that the intervention applicant has been granted amicus curiae status in the case in reviewing a challenge to an order denying permissive intervention). Under the circumstances, amicus participation is an adequate alternative to permissive intervention. *See McHenry v. Comm'r*, 677 F.3d 214, 227 (4th Cir. 2012) ("Numerous cases support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention." (citing *Ruthardt v. United States*, 303 F.3d 375, 386 (1st Cir. 2002); *Mumford Cove Ass'n v. Town of Groton*, 786 F.2d 530, 535 (2d Cir. 1986); *Bush*, 740 F.2d at 359; and *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975))). As one court has observed, "[w]here he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Bush*, 740 F.2d at 359 (quotation omitted). Although there may be instances in which amicus curiae status would not be an adequate substitute for permissive intervention, petitioners have not shown or argued that this is such a case.

We therefore deny the petition for a writ of mandamus.

_____, J.
Hardesty

We concur:

_____, J.
Saitta

_____, J.
Pickering