# IN THE SUPREME COURT OF THE STATE OF NEVADA

AURORA PETCULESCU, AN INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
and
DEBT COMMERCIAL PROPERTIES, LLC, A NEVADA LIMITED LIABILITY CORPORATION; AND ANDY PHAM, AN INDIVIDUAL,
Real Parties in Interest.

No. 68667

FILED

MAY 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION IN PART

This is an original petition, in a conversion action, for a writ of mandamus challenging an order granting a motion to dismiss.[1]

Petitioner Aurora Petculescu previously owned real property located at 3520 North Tenaya Way, Las Vegas, Nevada 89129. Real

---

[1]We note that Petculescu also requests a writ of mandamus directing the district court to issue a writ of attachment, enforce subpoenas, and set aside findings of fact and conclusions of law from an evidentiary hearing pursuant to NRS 31.026. We conclude that these issues do not warrant extraordinary writ relief, and we deny the remainder of the petition. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 229, 88 P.3d 840, 844 (2004). Further, in light of our decision, we deny as moot Petculescu's pending motion to expedite resolution of this matter.

16-16616

parties in interest Debt Commercial Properties, LLC, and Andy Pham[2] (collectively, DCP) purchased the property at a foreclosure sale on August 29, 2014.

Petculescu's foreclosed property was sold at auction. She claims that DCP then entered her property and placed her personal belongings in a dumpster without notice. Thereafter, Petculescu filed a complaint against DCP in district court, alleging claims for wrongful eviction, conversion, and punitive damages. Petculescu later amended her complaint to add claims for trespass, forcible entry, and declaratory relief. Ultimately, DCP filed a motion to dismiss, pursuant to NRCP 12(b)(5). The district court granted the motion in part, dismissing four of Petculescu's claims and dismissing Pham from the case.

This court may issue a writ of mandamus "to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of mandamus is also proper "to control an arbitrary or capricious exercise of discretion." *Id.* This court has discretion in granting writ relief, and may grant such relief when the petitioner lacks a speedy and adequate remedy at law. *Id.* In general, "the availability of appeal after final judgment is considered an adequate and speedy remedy that precludes mandamus relief from orders granting partial summary judgment." *Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court,* 130 Nev., Adv. Op. 80, 335 P.3d 199, 202 (2014). Nevertheless, this court will exercise its discretion to consider petitions for such writ relief in order to serve judicial economy and to clarify an important area of law. *Id.*

---

[2]Pham is the managing member of Debt Commercial Properties.

Here, we conclude that the district court erred in granting DCP's motion to dismiss as to the following three claims: wrongful eviction, conversion, and punitive damages.[3] If "matters outside the pleading are presented to and not excluded by the court," a motion to dismiss, pursuant to NRCP 12(b)(5), "shall be treated as one for summary judgment" and "all parties shall be given reasonable opportunity to present all material made pertinent to" a summary judgment motion. NRCP 12(b)(5). For these claims, the record demonstrates that the district court incorrectly based its decision on information outside the amended complaint without converting the motion to dismiss into a summary judgment motion or giving Petculescu a reasonable opportunity to present all material made pertinent to a summary judgment motion.[4] Thus, we grant Petculescu's petition in part so that this case may proceed and its substantive issues may be fully developed. Accordingly, we

---

[3]Upon review of the record, we conclude that no error exists as to the dismissal of Pham from the case or the dismissal of the claim of forcible entry.

[4]We also note that the district court relied, at least in part, on an evidentiary hearing that it previously conducted in the case pursuant to NRS 31.026. The purpose of an NRS 31.026 hearing is to determine if a writ of attachment is warranted, and the NRS 31.026 hearing on which the district court relied was not intended to be dispositive on any other issues.

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting the motion to dismiss as to wrongful eviction, conversion, and punitive damages.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Douglas Smith, District Judge
      Shimon Law Firm, APC
      Law Offices of P. Sterling Kerr
      Eighth District Court Clerk