# IN THE SUPREME COURT OF THE STATE OF NEVADA

AVIS WINTERS; AND DAN WINTERS,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL, DISTRICT
JUDGE,
Respondents,
    and
GREGORY BRENT DENNIS,
Real Party in Interest.

No. 72764

FILED

JUL 28 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER GRANTING PETITION IN PART AND DENYING IN PART*

This is an original petition for a writ of mandamus and/or prohibition seeking a writ ordering the district court to vacate its stay of the case pending parallel criminal proceedings.

This court may not issue a writ where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Even if the petitioner has no remedy at law, such that writ relief may lie, it remains a matter of discretion whether to grant extraordinary writ relief. *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005). A writ of mandamus is the appropriate procedural vehicle for challenging the district court's stay order, because such an order is not directly appealable. *Aspen Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev. 635, 640, 289 P.3d 201, 205 (2012). While we have jurisdiction to entertain this writ petition, it is a matter of discretion whether and to what extent we should grant extraordinary writ relief.

In *Aspen Financial Services*, this court adopted the Ninth Circuit's *Molinaro*[1] test for whether to stay a civil action pending criminal proceedings. The test asks a reviewing court to analyze "the extent to which the defendant's fifth amendment rights are implicated and: (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation of any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Molinaro*, 889 F.2d at 902-03.

The district court recognized *Aspen Financial Services* as controlling but it did not articulate how it resolved each of the *Molinaro* factors. In conducting its analysis, the court addressed Dennis's Fifth Amendment rights, and the second, third, and fifth of the *Molinaro* factors. Perhaps influenced by the all-or-nothing approach the Winters took in opposing the stay,[2] the district court did not expressly address the first factor, the interest of the Winters in proceeding expeditiously, or the third factor, the interests of persons not parties to the civil litigation. But, the district court seemingly recognized the effect that a full stay would have on the Winters and granted a modifiable stay—properly stating it was willing

---

[1] The reference is to Federal Savings and Loan Insurance Corporation v. Molinaro, 889 F.2d 899 (9th Cir. 1989).

[2] Although the Winters claim that they advocated for a partial stay at the hearing on Dennis's motion, the record cite given reveals that it was counsel for Dennis who raised the issue.

to reconsider the Winters' writ of attachment after the then-pending proceedings to indict Dennis concluded.[3] Such a reservation indicates the court's recognition that a complete stay would prejudice the Winters substantially. Dennis has since been indicted and the district court has scheduled this matter for status check on August 22.

A district court's failure to follow applicable law can constitute an abuse of discretion justifying writ relief. *See AA Primo Builders v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (noting that the district court abused its discretion when it failed to follow Nevada statutory law). In this case, the district court should have articulated its reasoning on each of the *Molinaro* factors before entering the stay. However, given the district court's stated intention of reassessing the stay should Dennis be indicted, at least as to the attachment issue, we decline to grant the Winters relief from the stay at this time and hold that the district court did not abuse its discretion in imposing an interim stay.

To the extent the district court's stay order only allows the Winters to ask the court to revisit the attachment issue, the order is too restrictive. Therefore, we grant partial writ relief requiring the district court to allow the Winters to move for an evaluation of the stay under

---

[3]Of note, the Winters did not seek writ relief from the district court's earlier oral order denying their motion for a writ of attachment. Nothing in this order precludes the district court's further consideration of whether NRS 41B.260 overrides NRS 34.045(2) in this case. See Caryl A. Yzenbaard, George Gleason Bogert & George Taylor Bogert, Bogert's The Law of Trusts and Trustees § 478 (3d ed. 2009) (noting that both as a matter of statutory and case law a "slayer is not to receive the life insurance proceeds" of his victim).

current facts and to process the case through the *Molinaro* factors in light of the developments in Dennis's criminal case. We otherwise deny writ relief. Our denial is without prejudice.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Linda Marie Bell, District Judge
        Patti, Sgro & Roger
        Chesnoff & Schonfeld
        Eighth District Court Clerk