# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MATHEW HARTER, DISTRICT JUDGE, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE LISA M. BROWN, DISTRICT JUDGE; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, Respondents, and MARY JOHANNA RASMUSSEN; JULIE HAMMER; AND GONZALO GALINDO, Real Parties in Interest. | No. 73645 **FILED** AUG 30 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus and/or prohibition challenging the reassignment of a case to petitioner's judicial department. After District Judge Lisa M. Brown recused herself from a family law matter involving real parties in interest, the matter was reassigned to District Judge Mathew Harter's department. After Judge Harter entered an order reassigning the matter back to Judge Brown, District Judge Elizabeth Goff Gonzalez, the Chief Judge of the Eighth Judicial District, entered an order concluding that Judge Harter's reassignment order was ineffective. Having considered the petition and supporting documents and without expressing any opinion on the merits of the recusal, we conclude that extraordinary intervention is not appropriate.

NRS 34.170; NRS 34.330; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Accordingly, we

ORDER the petition DENIED.[1]

_____ , C.J.
Cherry

_____ , J.
Douglas

_____ , J.
Pickering

cc:    Hon. Lisa M. Brown, District Judge, Family Court Division
       Hon. Elizabeth Goff Gonzalez, Chief Judge
       Mathew Harter
       Gonzalo Galindo
       Black & LoBello
       Julie Hammer
       Attorney General/Las Vegas
       Eighth District Court Clerk

_____

[1]The motion of real party in interest Mary Rasmussen for a stay or similar relief is denied as moot; in light of this order, Judge Harter should lift the stay he imposed while this writ proceeding was pending and resolve the motions pending before him.

The guardian ad litem of the child whose custody is at issue between the real parties in interest submitted a response to Rasmussen's motion. While such submission was proper, and we thus direct the clerk to file the response received from the guardian ad litem on August 28, 2017, in light of our denial of the motion, we will take no further action on it.