# IN THE SUPREME COURT OF THE STATE OF NEVADA

STATE OF NEVADA, EX REL
COMMISSIONER OF INSURANCE,
BARBARA RICHARDSON, IN HER
OFFICIAL CAPACITY AS RECEIVER
FOR NEVADA HEALTH CO-OP,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
    and
MILLIMAN, INC., A WASHINGTON
CORPORATION; JONATHAN L.
SHREVE, AN INDIVIDUAL; AND
MARY VAN DER HEIJDE, AN
INDIVIDUAL,
Real Parties in Interest.

No. 77682

FILED

DEC 1 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
   DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

Petitioner Barbara Richardson is the Nevada Commissioner of Insurance. She brought the underlying case as court-appointed receiver to recover damages from real parties in interest, collectively Milliman, on behalf of Nevada Health Co-Op, the subject insurance provider of the receivership. The district court concluded that Richardson was bound to Nevada Health Co-Op's arbitration agreement with Milliman and entered an order compelling arbitration of her claims. Richardson seeks a writ of mandamus from this court interdicting the order compelling arbitration with Milliman.

19-51319

"[T]he right to appeal [a final judgment] is generally an adequate legal remedy that precludes writ relief." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). In the arbitration context, NRS 38.247(1)(a) affords a right of interlocutory appeal from an order *denying* a motion to compel arbitration but not from an order *granting* such a motion. This legislative distinction supports that interlocutory writ review of orders compelling arbitration is not automatic but, rather, limited to cases that present exceptional circumstances. *See Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 719 n.1, 359 P.3d 113, 117 n.1 (2015) (clarifying that NRS 38.247 does not make writ relief automatically appropriate for an order compelling arbitration and noting, "[w]hile the unavailability of an immediate appeal from an order compelling arbitration *may* present a situation in which an eventual appeal from the order confirming the award or other final judgment in the case will not be plain, speedy, or adequate, it is an overstatement to say this holds true in all cases where arbitration has been compelled").

Richardson has not carried her "burden of demonstrating that extraordinary relief is warranted." *Pan*, 120 Nev. at 228, 88 P.3d at 844. Richardson chiefly complains that arbitration affords more limited discovery and appellate review than judicial proceedings and that not all parties to the case can be compelled to arbitrate. But these are characteristic of any arbitration and not themselves a basis to conclude that an eventual appeal will not be an adequate legal remedy. *Cf. U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 189-90, 415 P.3d 32, 40 (2018) ("[T]he [Federal Arbitration Act, 9 U.S.C. §§ 1-16,] preempts laws that invalidate an arbitration agreement as unconscionable for failing to provide for judicially monitored discovery, not heeding the Federal Rules of

Evidence, or not affording a right to jury trial."). The burden of simultaneous arbitration and litigation arises where, as here, not all persons involved in a dispute are subject to arbitration, an inconvenience that may be mitigated by staying litigation while arbitration runs its course. Richardson's complaints, inherent in any order compelling arbitration, do not demonstrate that an eventual appeal would not be an adequate legal remedy.

Nor has Richardson otherwise demonstrated that this matter presents the exceptional circumstances required for interlocutory writ review of an order compelling arbitration. *See Tallman*, 131 Nev. at 719 n.1, 359 P.3d at 117 n.1. Extraordinary writ relief normally requires clear legal error. *See Archon v. Eighth Judicial Dist. Court*, 133 Nev. 816, 819-20, 407 P.3d 702, 706 (2017). Richardson claims the district court committed legal error by ordering arbitration despite her argument that the McCarran Ferguson Act, 15 U.S.C. § 1012, reverse-preempts the FAA. In her view, enforcement of an arbitration agreement against an insurance liquidator pursuing contract and tort damages against third parties would thwart the insurance liquidator's broad statutory powers and the general policy under Nevada's Uniform Insurance Liquidation Act (UILA), *see* NRS 696B.280, to concentrate creditor claims in a single, exclusive forum. However, at issue here is not a creditor's claim against the Co-Op; at issue is Richardson's breach-of-contract and tort claims against several third parties on behalf of the Co-Op, which happens to be in receivership. Courts elsewhere that have considered Richardson's argument have rejected it. *E.g., Milliman, Inc. v. Roof*, 353 F. Supp. 3d 588, 603 (E.D. Ky. 2018) (concluding that "[s]imply because the business is an insurance company and has become insolvent is not relevant to the regulation of the business

of insurance"); *see also Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (even assuming that a liquidation act regulated the business of insurance, enforcing an arbitration clause against a receiver would not impair the regulation of the business of insurance under the act because the "proceeding [was] a suit instituted by the Liquidator . . . to enforce contract rights for an insolvent insurer"). Thus, we cannot say the district court committed clear legal error such that extraordinary writ relief is appropriate.

For these reasons, we deny the petition for extraordinary writ relief.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Kathleen E. Delaney, District Judge
Greenberg Traurig, LLP/Las Vegas
Snell & Wilmer, LLP/Las Vegas
Dentons US LLP/New York
Eighth District Court Clerk