# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDGEWORTH FAMILY TRUST; AND
AMERICAN GRATING, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TIERRA DANIELLE JONES, DISTRICT
JUDGE,
Respondents,
  and
DANIEL S. SIMON; AND THE LAW
OFFICE OF DANIEL S. SIMON,
Real Parties in Interest.

No. 84159

FILED

SEP 1 6 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION IN PART AND DENYING PETITION IN PART*

This is an original petition for a writ of mandamus to release client funds in excess of an adjudicated lien amount and to direct the real parties in interest to release to petitioners their client file.

This petition stems from the ongoing dispute regarding real party in interest Daniel Simon's fee for services he provided to petitioners Edgeworth Family Trust and American Grating, LLC (collectively, the Edgeworths) as part of the settlement of a products liability action. The Edgeworths challenge two separate issues in their petition: (1) the district court's decision to decline to release client funds being held in trust jointly by the parties for the purpose of satisfying Simon's fee above the amount it adjudicated during the pendency of appellate adjudication, and (2) the

22-29042

district court's refusal to compel Simon to produce to the Edgeworths their complete client file. The Edgeworths seek a writ of mandamus to compel both acts.

*We consider the Edgeworths' petition only with respect to the file production issue*

Writ relief is an extraordinary remedy appropriate when no plain, speedy, or adequate legal remedy exists. *See* NRS 34.170. Generally, we consider a party's ability to appeal from a final judgment an adequate legal remedy that precludes writ relief. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 225, 88 P.3d 840, 841 (2004). It is the petitioner's burden to demonstrate that writ relief is appropriate, *id.* at 228, 88 P.3d at 844, and it is within this court's sole discretion to decide whether to entertain a petition for writ relief, *Smith v. Eighth Judicial Dist. Court,* 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Having considered the petition and its supporting documentation, as well as the answer and reply, we are not persuaded that it is necessary to entertain the Edgeworths' petition with respect to the district court's refusal to release a certain portion of the Edgeworths' client funds being held jointly in trust. Namely, we are unpersuaded that no adequate legal remedy exists to address the district court's decision. Instead, we conclude the opposite is true in that pending a final decision regarding the fee dispute matter and, after all appellate remedies are exhausted, any funds not awarded to Simon will be disbursed to the Edgeworths. Because the issue of Simon's appropriate fee is still being litigated, and because the Edgeworths have not proffered any compelling reason that access to those funds is presently needed, extraordinary intervention is unwarranted.

Regarding the second issue, we conclude that the Edgeworths' have satisfactorily shown that an adequate legal remedy does not exist to challenge the district court's refusal to compel Simon to produce their complete client file and therefore choose to entertain their petition regarding this issue. We previously dismissed the Edgeworths' appeal with respect to the file production issue, concluding that the order in which the district court denied production was not a final order from which an appeal could be taken. *See Edgeworth Fam. Tr. v. Simon*, Nos. 83258/83260 (Nev. Dec. 13, 2021) (Order Consolidating and Partially Dismissing Appeals). Thus, no adequate legal remedy exists to address this issue. Further, Simon's argument regarding the possibility of potential further motion practice before the district court is unpersuasive in demonstrating that an adequate legal remedy exists.

Therefore, we deny the Edgeworths' petition with respect to the withholding of excess funds but entertain the petition regarding Simon's production of the Edgeworths' complete client file, which we address next.

*The district court erred in failing to require Simon to produce the complete client file to the Edgeworths under NRS 7.055*

This court may issue a writ of mandamus to correct or otherwise "compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station." NRS 34.160. Here, the district court declined to compel Simon to produce the complete client file to the Edgeworths, relying on a previous protection order the parties entered into during discovery in the underlying products liability action.

The Edgeworths aver that the district court's reliance on the protection order was erroneous because the protection order did not apply. Namely, they assert that Simon and the Edgeworths were considered to be the same party under the order and therefore production of the file from

Simon to the Edgeworths was not subject to the order. Alternatively, and not addressed by the district court, they argue that the district court had a duty to produce to them their complete file after they appropriately made a motion to the court under NRS 7.055.

In response, Simon argues that the district court properly determined that the protection order applied to Simon and the Edgeworths and that the Edgeworths were required to properly comply with the agreement prior to Simon's duty to disclose. Alternatively, Simon rebuts the Edgeworths' argument that NRS 7.055 required production by arguing the prerequisite, that an attorney be paid before production becomes compelled, has not been satisfied because he has not yet received actual payment for his services.

Addressing the protective order argument first, after reviewing the order and based on the totality of the circumstances, we conclude that the order does not prevent Simon from disclosing any portion of the Edgeworths' file, including those confidential portions subject to the order. Specifically, at least to a certain extent, the order treats Simon and the Edgeworths as being one-in-the-same as opposed to being separate parties. We reject Simon's argument that he is "disclosing" confidential information in contravention of the protection order. Thus, we conclude that the district court's reliance on the protective order was erroneous.

We further conclude that the district court had a statutory duty to compel Simon to produce to the Edgeworths their complete file after such a demand was made under NRS 7.055. NRS 7.055(2) states:

> A client who, after demand therefor and payment of the fee due from the client, does not receive from his or her discharged attorney all papers, documents, pleadings and items of tangible personal property may, by a motion filed after at

least 5 days' notice to the attorney, obtain an order for the production of his or her papers, documents, pleadings and other property.

To the extent Simon argues that the Edgeworths have not complied with NRS 7.055(2)'s language that production is required only "after . . . payment of the fee due," we conclude that Simon reads the requirement of payment too narrowly. Payment is defined as "[p]erformance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation." *Payment, Black's Law Dictionary* (11th ed. 2019). Moreover, we have previously construed the term broadly by considering the requirement satisfied when a party, even without making an actual transfer of money, provides sufficient security evidencing their intent to pay. *See Figliuzzi v. Eighth Judicial Dist. Court*, 111 Nev. 338, 343, 890 P.2d 798, 801 (1995) (stating a "district court's power is limited to ordering the attorney to return papers upon the client's presentment of adequate *security*" (emphasis added)). Here, Simon made a demand of $2 million in attorney fees. The Edgeworths, although contesting the amount owed, placed $2 million of their settlement proceeds into a trust account that is jointly managed by themselves and Simon. Funds in the account can only be removed with authorization by both Simon and the Edgeworths. Based on the foregoing facts, we conclude that Simon was sufficiently secured that the Edgeworths would pay and therefore the district court had a duty under NRS 7.055 to compel Simon to produce to the Edgeworths their complete client file. Thus, mandamus relief is available to correct the district court's failure to compel Simon to produce the file. *See* NRS 34.160. Accordingly, we

ORDER the petition with respect to the release of the Edgeworth's funds DENIED and the petition with respect to the production

of the client file GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF mandamus instructing the district court to require Simon to produce the complete client file to the Edgeworths.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Tierra Danielle Jones, District Judge
Hon. Jerry A. Wiese, Chief Judge
Morris Law Group
James R. Christensen
Christiansen Trial Lawyers
Eighth District Court Clerk