# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS WILFORD BOWLES,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
CONNIE J. STEINHEIMER, DISTRICT
JUDGE,
Respondents.

No. 85448

FILED

OCT 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original pro se petition for a writ of mandamus or in the alternative to show cause per NRS 34.160 et. seq. seeking to compel the district court to reinstate his postconviction petition for a writ of habeas corpus.

Petitioner was convicted in 2012 of six counts of lewdness with a child under the age of 14 years. In 2013, petitioner filed in the district court a petition for a writ of habeas corpus, and in 2015, petitioner supplemented his petition. The State moved to dismiss the petition and supplemented petition, and in 2016, after holding a hearing on the motion, the district court dismissed petitioner's habeas action. The district court order of dismissal indicates that the district court considered petitioner's claims for relief and determined that they did not warrant an evidentiary hearing. Petitioner now seeks a writ from this court directing the district court to reinstate his habeas action.

This court has original jurisdiction to issue writ of mandamus, and the issuance of such extraordinary relief is within this court's sole discretion. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468,

22-32359

474-75, 168 P.3d 731, 736-37 (2007). A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station. NRS 34.160. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004).

Having considered the petition, we conclude that our extraordinary relief is not warranted. A district court's dismissal of a postconviction habeas petition without an evidentiary hearing is not procedurally improper, NRS 34.770(2) ("If the judge or justice determines that the petitioner is not entitled to relief and an evidentiary hearing is not required, the judge or justice shall dismiss the petition without a hearing."), and the challenged district court order expressly determined that no evidentiary hearing was warranted. Petitioner has failed to demonstrate that the district court's determination was improper or that petitioner's habeas petition should be reinstated. *See* NRS 34.160. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc:  Hon. Connie J. Steinheimer, District Judge
     Travis Wilford Bowles

SUPREME COURT
OF
NEVADA

Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA