# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI SHAHROKHI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE BILL
HENDERSON, DISTRICT JUDGE; AND
THE HONORABLE MATHEW
HARTER, DISTRICT JUDGE,
Respondents.

No. 85655

FILED

DEC 06 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS, MANDAMUS, OR PROHIBITION

This original petition for a writ of habeas corpus, mandamus, or prohibition challenges a November 3, 2022, district court order approving a hearing master's recommendations in a child support enforcement action, a suspended 5-day jail sentence, and an October 12, 2020, evaluation order in the related child custody case. Petitioner has also filed an emergency motion to quash a bench warrant that, he claims, is invalid for containing no judge's signature.

Whether a petition for extraordinary writ relief will be entertained rests within this court's sound discretion. *D.H. Horton, Inc. v. Eighth Judicial Dist. Court,* 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Further, it is petitioner's responsibility to provide this court with all documents essential to understand the matters set forth in the petition. NRAP 21(a)(4).

22-38306

On May 22, 2022, this court affirmed the district court's child custody and vexatious litigant orders. *Shahrokhi v. Burrow*, Nos. 81978, 82245 & 83726, 2022 WL 1509740 (Order of Affirmance and Dismissing Appeal in Part). Thereafter, in a separate child support enforcement case, the hearing master held a hearing on October 3, 2022, to address a continued order to show cause. Petitioner failed to attend, and the hearing master recommended that he be sanctioned with 5 additional days jail time and that a bench warrant issue, with the jail time to be stayed to allow petitioner to purge the sanctions by paying the owed child support for each of the next 6 months. Petitioner filed a motion to quash that bench warrant, which was scheduled to be heard on December 27, 2022. According to the hearing master's October 11, 2022, report and recommendations, the hearing master declined to hear the motion to quash at an earlier time because all petitioner had to do to quash the bench warrant was to pay one month's child support, and so there was no need for an order shortening time.

Thereafter, on October 24, 2022, the district court clerk issued an order deeming the October 3 recommendations approved, as no objection was filed, and on November 3, 2002, the district court entered an order approving the October 11 recommendations regarding the motion to quash, again stating that no objection had been filed.

Petitioner asserts that he filed an objection to the hearing master's October 3 recommendations on October 21, 2022, and provided a copy of that document. However, it is not clear that that objection was timely or properly filed. On November 11, petitioner received notice from the court that his attempted filings in the custody of case challenging the master's recommendations were improper because they should have been

SUPREME COURT
OF
NEVADA

(O) 1947A

2

filed in child support enforcement case, with further instructions included. It does not appear that petitioner attempted to comply with those instructions in any manner or that they require petitioner to obtain permission to object to the hearing master's recommendations (the instructions remind petitioner of the requirement to obtain permission to file *motions*). Further, petitioner has not met his burden to demonstrate that the court clerk improperly complied with NRS 425.3844 (allowing the clerk to deem approved unobjected-to recommendations), that any of the subject orders is void due to Judge Dawn Throne's disqualification or otherwise, or that the district court has improperly ignored any continuing subject-matter jurisdiction arguments. Finally, as the custody decision has been affirmed, the evaluation order issue is moot. Petitioner has not shown that our extraordinary intervention is warranted, and we therefore

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.        _____, J.
Stiglich                            Herndon

cc:     Chief Judge, Eighth Judicial District Court
        Hon. Bill Henderson, District Judge, Family Court Division
        Ali Shahrokhi
        Clark County District Attorney
        Eighth District Court Clerk

_____

[1]Petitioner's emergency motion to quash is denied.